# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LOREN PERKINS,<br><br>           Plaintiff,<br><br>   v.<br><br>P. YANEZ, et al.,<br><br>           Defendants. | CASE NO. 1:10-cv-01610-SKO PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 8) |

Plaintiff Anthony Loren Perkins, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 7, 2010.

On September 9, 2011, the Court screened Plaintiff's complaint, determined that some claims were cognizable and some were deficient, and ordered him to either file an amended complaint or notify the Court of his willingness to proceed only on his cognizable claims. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). Plaintiff was warned that if he failed to comply with the order, this action would be dismissed, without prejudice. Plaintiff filed a non-compliant response to the order on October 15, 2011, and on October 17, 2011, the Court issued an order disregarding the response and requiring Plaintiff to comply with the screening order within thirty (30) days.

On December 13, 2011, after more than thirty (30) days passed without any action by Plaintiff, the Court ordered him to show cause within thirty (30) days why this action should not be dismissed. Plaintiff was warned that this action would be dismissed if he failed to respond. The thirty-day deadline has expired and Plaintiff did not comply with or otherwise responded to the Court's orders.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's orders, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action, which has been pending since 2010, can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id.

Accordingly, this action is HEREBY ORDERED DISMISSED, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

**Dated:   February 2, 2012**            /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE